UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| HONEST ABE ROOFING FRANCHISE, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:22-cv-00387-JRS-MG |
| DCH & ASSOCIATES, LLC, HONEST ABE ROOFING OF MACON, GEORGIA, LLC, DAMEION HARRIS, and CHRISTINE HARRIS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**Order on Motion for Preliminary Injunction**

## I.     Introduction and Background

This is a business dispute between Honest Abe, a franchisor of roofing businesses,

and Defendants, former franchisees.

Defendants made two franchise agreements with Honest Abe to operate roofing

businesses in Georgia: the first, on April 8, 2021, was for a Macon area franchise and

the second, on December 22, 2021, was for a Columbus area franchise.  The franchises

did not last long.  By March of 2022 the Macon franchise owed $8,939.80 to Honest

Abe in royalty fees, brand development fees, and technology fees.  (ECF No. 1-8.)  In

May, Honest Abe sent the franchise a notice of termination, which demanded

$19,834.71 in past-due fees plus $166,130.40 in "actual and consequential damages"

arising from the Macon franchise's alleged breach of the franchise agreement.  (ECF

No. 1-11.)  As for the Columbus franchise, it never got off the ground: in June 2022

Honest Abe sent a termination notice because the franchise had not opened within five months of the date of the franchise agreement, as required by that agreement. (ECF No. 1-12.)

Now that Honest Abe has terminated Defendants' franchise agreements, it wants them out of the roofing business. The franchise agreements each contained a non-compete clause operative for two years in a 50-mile radius of the franchise site. Honest Abe alleges that Defendants are violating those clauses by operating a new roofing business called "Authority Home Service Professionals." (Compl. ¶ 75, ECF No. 1.) Honest Abe further alleges that the Authority business infringes on Honest Abe's trademark and misappropriates its business goodwill. (*Id.* ¶¶ 123, 189.)

Before the Court is Honest Abe's Motion for Temporary Restraining Order and Preliminary Injunction, (ECF No. 3), which is unopposed.

## II.    Legal Standard

The Seventh Circuit recently reiterated the legal standard for preliminary injunctions:

> Plaintiffs who seek a preliminary injunction must show that (1) they will suffer irreparable harm in the absence of an injunction, (2) traditional legal remedies are inadequate to remedy the harm, and (3) they have some likelihood of success on the merits. If those elements are shown, the court must then balance the harm the moving parties would suffer if an injunction is denied against the harm the opposing parties would suffer if one is granted, and the court must consider the public interest, which takes into account the effects of a decision on non-parties.

*Camelot Banquet Rooms, Inc. v. United States Small Bus. Admin.*, 24 F.4th 640, 644 (7th Cir. 2022). That standard is applied against the background understanding that "a preliminary injunction is an extraordinary and drastic remedy, one that should not

be granted unless the movant, *by a clear showing*, carries the burden of persuasion."
*Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting Wright, Miller, & Kane,
Federal Practice and Procedure § 2948 (2d ed. 1995)).

## III.   Discussion

Honest Abe asserts Defendants' wrongful conduct amounts to three acts: (1)
"Defendants are operating a competitive business in violation of their covenants not
to compete," (2) "Defendants . . . infringe and counterfeit Honest Abe's registered
trademarks by maintaining the registered business 'Honest Abe Roofing of Macon
Georgia, LLC'" and (3) Defendants "refer to their competitive business as 'Honest Abe'
to potential customers."  (Pl.'s Motion 2, ECF No. 3.)  Those acts, on their face, do not
seem so portentous as to justify an "extraordinary and drastic remedy."  *Mazurek*,
520 U.S. at 972.

### A.   Irreparable Harm

Honest Abe must make a "clear showing" of irreparable harm.  *Mazurek*, 520 U.S.
at 972; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Our frequently
reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that
irreparable injury is *likely* in the absence of an injunction.")  "Harm is irreparable if
legal remedies are inadequate to cure it." *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th
531, 545 (7th Cir. 2021).  "Inadequate 'does not mean wholly ineffectual; rather, the
remedy must be seriously deficient as compared to the harm suffered.'"  *Id.* (quoting
*Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003)).

The Court would like to say that business losses can never be "irreparable," because businesses are routinely valued in dollar terms—and, at worst, a business loss is the total value of the business, which is roughly known. In the Seventh Circuit, though, a business loss can be "irreparable" if calculating the amount of the loss is sufficiently uncertain. *Life Spine*, 8 F.4th at 546 (quoting *Hess Newmark Owens Wolf, Inc. v. Owens*, 415 F.3d 630, 632 (7th Cir. 2005)) ("[I]t is precisely the difficulty of pinning down what business has been or will be lost that makes an injury 'irreparable.'"). Apparently overcompensating a business for its loss does not count as an adequate remedy. That said, "[a] district court is within its discretion to find an adequate remedy at law, and thus no irreparable harm, where the corporation seeking injunctive relief can reasonably estimate the value of its lost profits." *DM Trans, LLC v. Scott*, 38 F.4th 608, 620 (7th Cir. 2022).

Here, then, the Court finds no irreparable harm on three alternate but mutually supporting grounds. First, Honest Abe has offered only speculative future harms, not well-evidenced likely harms. *Cf. Bar Indy LLC v. City of Indianapolis*, 508 F. Supp. 3d 334, 360 (S.D. Ind. 2020) (holding that business' bare allegations of impending loss, without "particularized analysis" or "requisite financial details," are insufficient to meet burden of showing irreparable harm). So it has not made the "clear showing" required. *Mazurek*, 520 U.S. at 972. Second, even if monetary damages are an imprecise remedy here, those damages cannot be "seriously deficient as compared to the harm suffered" where the harm suffered is small. *Life Spine*, 8 F.4th at 545. And here, the alleged harms are minor: some competition from a former franchisee, some

infringement resulting from the maintenance (but not, apparently, the open conduct) of an Honest Abe tradename, some trading off Honest Abe's goodwill.  Third, the potential losses here *are* likely to be calculable.  Honest Abe knows how much revenue it expects from a functioning franchise in these markets; it knows what business Defendants were doing as franchisees before they left; it can find out what business Defendants do in their competing guise; and so forth.  It should be easy enough to come up with a lost-profit-per-month figure multiplied over the length this case is pending.   Similarly, the possible damages from any trademark infringement— including disgorgement of profits, actual losses and attorneys fees—are of a calculable nature.

### B.  Balance of Harms

The lack of a showing of "irreparable harm" disposes of Honest Abe's motion; the Court need only reach the balance of harms when all three preliminary elements are shown.  *Camelot Banquet Rooms*, 24 F.4th at 644.  Here, though, a balance of harms will support the Court's disposition.  Assuming arguendo, then, that irreparable harm is established, and that likelihood of success[1] and inadequacy of legal remedies is shown, the Court "must then balance the harm the moving parties would suffer if an

---

[1] Which is not a given: in Indiana, "[c]ovenants not to compete are not favored in the law." *Dicen v. New Sesco, Inc.*, 839 N.E.2d 684, 687 (Ind. 2005) (citing *Licocci v. Cardinal Assocs., Inc.*, 445 N.E.2d 556 (Ind.1983)).  A two-year, 50-mile restriction is not grossly overbroad and might be upheld, especially as part of a business sale, where it would be less disfavored. Here, though, the non-compete clause was triggered by Honest Abe's unilateral termination of the franchise agreement, which suggests a closer analogy to employment contracts than to business sales.

injunction is denied against the harm the opposing parties would suffer if one is granted." *Id.*

Here, Honest Abe requests a preliminary injunction that would enforce their noncompete agreement—i.e., that would bar Defendants from any roofing business within 50 miles of their former franchise sites for two years. There are four outcomes to analyze: the Court can grant or deny the injunction and Honest Abe can win or lose on the merits. Only one of the outcomes is troubling. Consider: if the Court denies the injunction and Honest Abe wins, the harm is the relatively minor business loss from another few months or a year of extra competition, plus whatever damages result from the infringements on Honest Abe's marks. Those losses are recoverable in monetary damages. If the Court grants the injunction and Honest Abe wins, there is no harm. The appropriate remedy simply comes sooner than expected. If the Court denies the injunction and Honest Abe loses, then there is no harm, because the remedy was never appropriate. But if the Court grants the injunction and Honest Abe loses, then Defendants will have been wrongly forced out of business. That, too, is recoverable in monetary damages, but it is harder to start a business than to close one, and it is easier to value losses to a going concern than it is to value the profits or growth of a purely hypothetical business.

Thus it is prudent to maintain the status quo: the harm from error is greatest where the Court opts for the "extraordinary and drastic remedy" of a preliminary injunction. *Mazurek*, 520 U.S. at 972. The balance of harm analysis suggests no injunction is appropriate here.

## IV.    Conclusion

Honest Abe has not shown that a preliminary injunction is warranted: the Court finds no irreparable harm is likely in the absence of an injunction, and even if the alleged harm is deemed irreparable, the balance of harm favors Defendants.

Honest Abe's Motion for Temporary Restraining Order and Preliminary Injunction, (ECF No. 3), is **denied.**

**SO ORDERED.**

Date:11/3/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

By CM/ECF to registered counsel of record.

By U.S. Mail to:

DCH & ASSOCIATES, LLC
2013 Devonshire Drive
Suite 1350
Columbus, GA 31904

HONEST ABE ROOFING OF MACON GEORGIA, LLC
3235 Satellite Boulevard
Building 400, Suite 300
Duluth, GA 30096

DAMEION HARRIS
1820 Browning Bend Court
Dacula, GA 30019

CHRISTINE HARRIS
1820 Browning Bend Court
Dacula, GA 30019

7